UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN LYNN, | : | NO. 1:23-CV-01567 |
| Petitioner, | : | |
| | : | (MUNLEY, D.J.) |
| v. | : | |
| | : | (CAMONI, M.J.) |
| SUPERINTENDENT WAHL, | : | |
| *et al*, | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Petitioner John Lynn's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The Respondents, Superintendent Mark Wahl, Michelle Henry, and the Pennsylvania Attorney General's Office, filed a response to the Petition, and Lynn filed a Traverse. Docs. 16, 21. For the reasons stated below, the undersigned recommends that the Court deny the Petition.

## I.  BACKGROUND

### A.  Factual Background

On March 11, 2019, Petitioner John David Lynn pleaded guilty to several criminal charges in York County Court of Common Pleas.

Petition, Doc. 1 ¶¶ 1(a)-(b), 2(a), 6.[1] He was sentenced to an aggregate term of six to fifteen years. *Id.* ¶ 3. Lynn did not appeal his conviction or sentence. *Id.* ¶ 8. Instead, he sought collateral review at the Court of Common Pleas by filing a petition in October 2019 under the Post Conviction Relief Act ("PCRA"). *Id.* ¶ 11.

In his PCRA petition, Lynn raised three claims: "(1) ineffective assistance regarding advice concerning accepting a plea offer and pleading guilty; (2) unknowing, involuntary and unintelligent pleas of guilt; and (3) a violation of U.S. Const. XIV to due process (substantive and procedural) and the affirming of a U.S. Const. Art. IV § 2 violation." *Id.* The trial court judge denied the petition. *Id.* Lynn appealed to the Superior Court of Pennsylvania which affirmed the denial. *Id.* at 4; *Commonwealth v. Lynn*, 284 A.3d 928, at *7 (Pa. Super. Ct. 2022). Finally, Lynn exhausted his state remedies by filing a petition for allowance of appeal to the Pennsylvania Supreme Court, which denied

---

[1] Lynn was charged with: (1) fleeing/attempting to elude a police officer; (2) recklessly endangering another person (REAP); (3) driver required to be licensed; (4) retail theft; (5) theft by unlawful taking-movable property; (6) accidents involving damage to unattended vehicle or property; (7) burglary; (8) simple assault; and (9) required financial responsibility. *Id.* ¶ 5.

review on June 21, 2023. Doc. 1 at 6; Reproduced Record, Doc. 16-1 at 931.

On September 21, 2023, Lynn filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court. *Id.* at 1. In this Petition, Lynn raises three claims for relief: (1) ineffective assistance of counsel, which led Lynn to make an involuntary and unintelligent guilty plea; (2) trial court error in denying Lynn's speedy trial motion; and (3) a claim described as "due process," which generally challenges the Superior Court's affirmance of the denial of the PCRA petition. *Id.* ¶ 11; Pet.'s Br., Doc. 6 at 17-18. The Respondents filed a response to the Petition with the Reproduced Records. Docs. 16, 16-1. Lynn replied, filing a Traverse. Doc. 21. The Petition is thus ripe for resolution.

## II.   LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a state court has adjudicated a claim on the merits, a

writ of habeas corpus shall not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d); *see also White v. Woodall*, 572 U.S. 415, 419 (2014).

A state-court decision involves an unreasonable application of clearly established federal law if the state court: (1) identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case; or (2) unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

With respect to a state court's factual determinations, a "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and "highly deferential standard demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011),

quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Rogers v. Superintendent Greene SCI*, 80 F.4th 458, 462 (3d Cir. 2023). A state court decision is based on an unreasonable determination of the facts only if the state court's factual findings are objectively unreasonable based on the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). In addition, § 2254(e) provides that a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. § 2254(e)(1); *see Rice v. Collins*, 546 U.S. 333, 339 (2006) (finding that petitioner bears the burden of rebutting presumption by clear and convincing evidence); *Warren v. Kyler*, 422 F.3d 132, 139-40 (3d Cir. 2005).

### III. ANALYSIS

To begin with, the Respondents raise an exhaustion argument, contending that Lynn failed to raise his second claim (that the trial court erred when it denied Lynn's speedy trial motion) on direct appeal, and thus the second claim was waived and could not be raised on collateral review. *See* Resp.'s Br., Doc. 16 at 14-16.

Respondents correctly point out that Lynn's second claim is unexhausted. But it is procedurally defaulted and is presented together with Lynn's exhausted claim of ineffective assistance of counsel. Because Lynn's petition contains both an exhausted and procedurally defaulted claims, the Court "may not go to the merits of the barred claims, but must decide the merits of the claims that are exhausted and not barred." *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993) ("A petition containing unexhausted but procedurally barred claims in addition to exhausted claims, is not a mixed petition requiring dismissal."). The undersigned, therefore, first examines the threshold issue of exhaustion and procedural default, before turning to the merits.

### A. Exhaustion and Procedural Default

#### 1. *Exhausted—Lynn's first claim (ineffective assistance of counsel)*

"A prerequisite to federal habeas review is that the petitioner [has] exhausted the remedies available to him in the state courts to the extent such remedies exist and are effective." *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000), citing 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, the claims included in a federal petition must be fairly

presented to the state courts. *Toulson*, 987 F.2d at 987, citing *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Lynn's federal petition contains three claims: (1) ineffective assistance of counsel; (2) trial court error based on the denial of Lynn's speedy trial motion; and (3) a due process claim.[2] Doc. 1 ¶ 11. Only the first claim is exhausted.

Lynn's ineffective assistance of counsel claim is exhausted because Lynn has received state collateral review through his PCRA petition. Doc. 1 at 6. He first filed his PCRA petition with the Court of Common Pleas which denied it on the merits; the Superior Court affirmed the denial; and the Pennsylvania Supreme Court denied review. *See* Doc. 1 at 6. Because Pennsylvania law prevents a defendant from raising an ineffective assistance of counsel claim on direct appeal, Lynn properly exhausted his ineffective assistance of counsel claim by raising it for the

---

[2] Although Lynn characterizes his third claim as a due process claim, he alleges only that the Superior Court denied him just appellate review. Doc. 6 at 18. The Respondents did not separately address this claim, instead grouping it with Lynn's ineffective assistance claim. Doc. 16 at 17. Because Lynn challenges the Superior Court's decision affirming the trial court's denial of his PCRA petition, which solely addressed the ineffective assistance claim, the Court should likewise decline from separately addressing Lynn's third claim. *See Lynn*, 284 A.3d 928, at *7.

first time in a petition for collateral relief under the PCRA. *Tyson v. Superintendent Houtzdale SCI*, 976 F.3d 382, 389 (3d Cir. 2020), first citing *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002); and then citing *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236-37 (3d Cir. 2017).

### 2. *Procedurally defaulted—Lynn's second claim (trial court error denying speedy trial motion)*

To satisfy the exhaustion requirement under § 2254(b)(1), "a petitioner must demonstrate that the claim raised was fairly presented to the state's highest court, either on direct appeal or in a state post-conviction proceeding." *Parmelee v. Piazza*, 622 F. Supp. 2d 212, 220 (M.D. Pa. 2008), citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). The Court "may excuse exhaustion, however, if requiring exhaustion would be futile, *i.e.*, exhaustion is impossible due to procedural default." *Werts*, 228 F.3d at 192.

Here, Lynn raised his second claim, that his guilty plea was involuntary because of the trial court error in denying Lynn's speedy trial motion (Doc. 6 at 17), for the first time in his PCRA petition. Doc. 1 ¶ 8; Doc. 16-1 at 344. After pleading guilty, Lynn did not file a motion to withdraw his plea, nor did he file a timely direct appeal. Doc. 1 ¶ 8. Thus,

unlike his first claim, Lynn could not challenge the voluntariness and intelligence of a guilty plea on collateral review. *Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). Because Lynn did not challenge the validity of his plea on direct appeal, Lynn procedurally defaulted this claim. *See id.* ("In this case, petitioner contested his sentence on appeal, but did not challenge the validity of his plea. In failing to do so, petitioner procedurally defaulted the claim.").

The Court, however, may still review a procedurally defaulted claim if the petitioner establishes cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. *Werts*, 228 F.3d at 192. Here, the Court should not review Lynn's procedurally defaulted claim because Lynn does not and cannot establish cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default.[3]

---

[3] Upon review of the Superior Court's decision, *Lynn*, 284 A.3d 928, at *7, the undersigned finds that the Superior Court correctly denied Lynn's second claim as to the invalidity of his guilty plea, finding that Lynn had waived his right to appeal and did not appeal the trial court's denial of his speedy trial motion under state law. *Id.*, citing 42 Pa. C.S.A. § 9544 ("[A]n issue is waived if the petitioner could have raised it but failed to

Lynn also argues in his reply brief that the trial court should have specifically informed Lynn that accepting the plea offer means agreeing to waive his rights to raise any claims regarding the denial of the speedy trial motion. *See* Doc. 21 at 6.

The trial court was under no such duty. "Knowledge of the extent of appellate rights is not necessary to validate [a guilty plea] waiver." *Commonwealth v. Chumley*, 394 A.2d 497, 504 (Pa. 1978) (finding absence of information regarding appellate rights in the colloquy did not render a defendant's plea unknowing or involuntary); *see United States v. Khattak*, 273 F.3d 557, 561 (3d Cir. 2001), citing *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999) ("While it may appear unjust to allow criminal defendants to bargain away meritorious appeals, such is the necessary consequence of a system in which the right to appeal may be freely traded."). But Lynn did complete and sign a "Guilty Plea Colloquy" form (Doc. 16-1 at 322, *et seq.*), wherein he acknowledged that he was waiving the right to raise any "procedural or fundamental error, irregularities, or unlawful acts or violations of [his] Constitutional

---

do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

rights," before both the trial and appellate courts, by entering a guilty plea. Doc. 16-1 at 326. And as the Superior Court accurately noted, the trial court's oral colloquy sufficiently validated waiver of appeal under federal law. *See Lynn*, 284 A.3d 928, at *7 (explaining that the trial court conducted an oral plea colloquy on the record to ensure that Lynn understood the rights he was giving up and the consequences surrounding the entry of the guilty plea); Doc. 16-1 at 302 ("THE COURT: Mr. Lynn, have you had a full opportunity to speak to Attorney Gregory regarding your decision to enter pleas in these matters? [LYNN]: Yes, Your Honor.").[4] Therefore, Lynn's Speedy Trial claim is barred from federal habeas review.

---

[4] Lynn also concedes that he "was well aware of the fact that he needed to go to trial on each case to pursue his Rule 600 claims on appeal." Doc. 21 at 9. Thus, Lynn had no doubts that his guilty plea would effectively waive his right to pursue his Rule 600, or Speedy Trial, claims on appeal. Accordingly, Lynn's guilty plea was knowing and voluntary. *See United States v. Gwinnett*, 483 F.3d 200, 204-05 (3d Cir. 2007) (finding as significant to a voluntary and knowing guilty plea that a habeas petitioner conceded to knowingly and voluntarily entering an appellate waiver).

B. **Ineffective assistance of counsel claim**[5]

The undersigned now turns to Lynn's ineffective assistance of counsel claim, the only exhausted claim in this petition which the Court must decide. *Toulson*, 987 F.2d at 987 ("The district court may not go to the merits of the barred claims, but must decide the merits of the claims that are exhausted and not barred.").

To support his ineffective assistance claim, Lynn dedicates a significant part of his brief to argue that the underlying Rule 600 motion had merit. *See* Doc. 6 at 22-46. Lynn, however, entered a guilty plea that waived all grounds of appeal—including the right to appeal the trial court's denial of the Rule 600 motion—other than challenges to the voluntariness of the plea and the jurisdiction of the sentencing court. *Commonwealth v. Greer*, 326 A.2d 338, 339 (Pa. 1974). Thus, Lynn's ineffective assistance claim in connection with the entry of the guilty plea will serve as a basis for habeas relief only if the ineffectiveness caused

---

[5] In addressing the ineffective assistance of counsel claim, the undersigned limits the discussion to the *Strickland* analysis. Incorporating the analysis in section III.A.2, the undersigned refrains from discussing the merits of the trial court's denial of the Rule 600 motion as Lynn has waived the right to appeal the merits of that issue.

Lynn to enter an involuntary or unknowing plea. *Commonwealth v. Chumley*, 394 A.2d 497, 504 (Pa. 1978).

To determine whether counsel's conduct was ineffective in connection with the entry of Lynn's guilty plea, Lynn must show both that his counsel provided deficient assistance and that there was prejudice as a result under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See also Harrington v. Richter*, 562 U.S. 86, 104 (2011). The Pennsylvania Supreme Court applies the same federal *Strickland* standard to evaluate the ineffective assistance claim. *Tyson*, 976 F.3d at 391; *Commonwealth v. Roney*, 622 Pa. 1, 17 (2013) (noting that the standard for analyzing ineffective assistance of counsel claims in Pennsylvania is the same as the federal standard set forth in *Strickland*). "First, the defendant must show that counsel's performance fell below an objective standard of reasonableness," and "second, the defendant must show he was actually prejudiced by counsel's deficient performance." *Werts*, 228 F.3d at 203 (citing *Strickland*, 466 U.S. at 687-88).

The undersigned finds that the Superior Court correctly applied the *Strickland* standard to find that Attorney Gregory's assistance did not

cause Lynn to enter an involuntary or unknowing plea because: (1) Attorney Gregory's assessment that Lynn would lose on appeal did not fall below *Strickland*'s reasonableness standard; and (2) Attorney Gregory was under no duty to file an appeal when Lynn entered a knowing and voluntary guilty plea and did not explicitly request his attorney to file an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

### 1. *Attorney Gregory's advice regarding an appeal*

Lynn first argues that Attorney Gregory rendered ineffective assistance by advising Lynn to plead guilty. Doc. 6 at 22. The record fails to support Lynn's argument.

In his reply brief, Lynn urges the Court to consider specific portions of Attorney Gregory's testimony from the PCRA hearing. Doc. 21 at 15 (citing Doc. 16-1 at 389:6-11, 390:21-25). That testimony provides:

> I don't think you would win on appeal and do you really want to risk getting sentenced on all these cases with the possibility of running all of them consecutive, on the possibility that you think you could win on appeal? . . .
>
> I said that I could not tell you you would win. You could raise the argument based upon the testimony presented as to the efforts. Based upon the case law, I cannot tell you that was a clear error and you're going to win on appeal. I couldn't say that. So I probably said to you, I don't think you're going to

>  win on appeal. It's your life, *you make the decision*. I can tell you what I think.

Doc. 16-1 at 389:6-11, 390:21-25, 391:1 (emphasis added). The cited testimony only demonstrates that Attorney Gregory gave his honest assessment as to the likelihood of winning an appeal. The advice provided by Attorney Gregory is perfectly reasonable and accords with the law and the factual record before the Court. Ultimately, Attorney Gregory advised Lynn to make his own decision, and did not tell him to plead guilty. Lynn made that choice.

The PCRA hearing testimony, as a whole, further militates against Lynn's argument. First, Attorney Gregory thoroughly advised Lynn of the process to appeal the trial court denial of the Rule 600 motion. Doc. 16-1 at 388:7-11 ("[I]t wasn't an interlocutory matter. So, in other words, you would have to basically go through the trials . . . . If you want to fight the Rule 600 on appeal, then we're going to go to trial on your cases."). Second, he left the final call up to Lynn and did not advise Lynn to plead guilty. *Id.* at 388:13-14 ("I discussed all this with you beforehand, saying you have to make the call."); *id.* at 394:18-19 ("I told you numerous times it is your decision to make.").

Given the record, it was reasonable for the Superior Court to find that Lynn had not shown that his attorney was in any way deficient under *Strickland*. *See Lynn*, 284 A.3d 928, at *7. The undersigned finds that the Superior Court judged the reasonableness of Attorney Gregory's conduct on the facts of Lynn's particular case, viewed at the time of counsel's conduct, and correctly applied the deferential standard to review his performance. *Flores-Ortega*, 528 U.S. at 476 (citing *Strickland*, 466 U.S. at 690).

### 2.   *Attorney Gregory's failure to file an appeal*

Lynn additionally argues that his counsel was deficient by failing to file an appeal. Doc. 6 at 46-47; *see* Doc. 16-1 at 398:11-14, 399:12-13. At the PCRA hearing, Attorney Gregory testified that Lynn never instructed him to file an appeal or a motion to withdraw the guilty plea. Doc. 16-1 at 398-99.

The relevant inquiry, in cases such as Lynn's, when a defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, is "whether counsel in fact consulted with the defendant about an appeal." *Flores-Ortega*, 528 U.S. at 479. The Supreme Court in *Flores-Ortega* explained:

> We employ the term "consult" to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

*Id.*

Here, Attorney Gregory consulted with Lynn about an appeal of the denial of his Rule 600 motion, explaining the process of an appeal and its consequences. *See* Doc. 16-1 at 388:7-11 ("[I]t wasn't an interlocutory matter. So, in other words, you would have to basically go through the trials . . . . If you want to fight the Rule 600 on appeal, then we're going to go to trial on your cases."); *id.* at 433:4-7. Because, as the Superior Court found, counsel consulted with Lynn about the option to appeal at length, the question of deficient performance is easily answered. Doc. 16-1 at 433:25-434:1 ("[H]e had the time to think about it over the weekend."); *Flores-Ortega*, 528 U.S. at 479. Counsel was not unreasonable by not filing an appeal or a motion to withdraw the guilty plea because Lynn failed to instruct counsel to appeal. Doc. 16-1 at 398-99; *Flores-Ortega*, 528 U.S. at 479.

The Superior Court concluded, based on these facts, that "the trial court correctly found that [Lynn] was not entitled to collateral relief on his ineffectiveness claim as he entered a voluntary, intelligent and knowing guilty plea after receiving reasonable advice from counsel." *Lynn*, 284 A.3d 928, at *7. Thus, Lynn's counsel was reasonable in providing an honest assessment of the chances of winning on appeal and for not filing an appeal without Lynn's express request. Accordingly, the undersigned finds that Lynn's petition should be denied.

## IV.  RECOMMENDATION

Based on the foregoing, it is respectfully recommended that:

(1)   Lynn's Petition (Doc. 1) be **DENIED**; and

(2)   The Clerk of Court be **DIRECTED** to close this case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: December 2, 2025                s/ *Sean A. Camoni*
                                      Sean A. Camoni
                                      United States Magistrate Judge